Argued and submitted October 1,
peremptory writ to issue October 30, 1979

# BENJ. FRANKLIN FEDERAL SAVINGS AND LOAN ASSOCIATION,
*Plaintiff-Relator,*

*v.*

# DOOLEY,
*Defendant,*

# DERENCO, INC.,
*Intervenor.*

## (No. SC 26370)

601 P2d 1248

James H. Clarke, Portland, argued the cause for plaintiff-relator. With him on the brief were Wayne Hilliard and Spears, Lubersky, Campbell & Bledsoe, Portland. Also on the brief was C. E. Wheelock, of Wheelock, Niehaus, Hanna, Murphy & Green, Portland.

Patrick E. Dooley, Portland, filed a brief pro se.

Henry A. Carey, Portland, argued the cause for intervenor Derenco, Inc. With him on the briefs were Jeffrey L. Kleinman, Portland, and Edward L. Fitzgibbon, of Fitzgibbon & Morrell, Portland.

HOWELL, J.

## HOWELL, J.

This is an original proceeding in mandamus to require the defendant circuit judge to set aside an order regarding statements of claims to be filed by class members in a class action against plaintiff-relator Benj. Franklin Federal Savings and Loan Association.

The present controversy stems from the case of *Derenco, Inc. v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 577 P2d 477, *cert. denied* 439 US 1051, 99 S Ct 733, 58 L Ed 2d 712 (1978). We held that Benj. Franklin Federal Savings and Loan Assn. must account to certain of its borrowers for profits it earned on reserve accounts maintained to pay real estate taxes and insurance premiums on the properties securing the borrowers' loans. The only issues that remained after our decision were the amount of damages for each class member and the amount of attorney fees to be paid the lawyers for the class.

After the remand the parties disagreed over the procedures to be followed for statements of claims to be filed by members of the class pursuant to ORS 13.260(2). The trial court entered an order requiring plaintiff-relator to prepare a check or draft for the amount of damages to which each class member is entitled, less 20 per cent to be applied to attorney fees. Presentation of the check or draft for payment within ninety days would constitute the filing of a claim in the amount of the computed damages. Failure to present the check or draft for payment would operate as a failure to present a statement for affirmative relief.[1]

---

[1] The order stated in part:

"2. Defendant is ordered to prepare a form of statement for each member of the class and to mail the statement, with postage prepaid by defendant, to each member of the class or to the principal borrower if there is more than one borrower named in a security instrument. The principal borrower shall be defined as that person whose name appears first in a security instrument.

[695]

Plaintiff-relator filed a motion to set aside the order. The circuit court denied the motion and plaintiff-relator filed this mandamus proceeding to this court.

■ Plaintiff-relator contends that the court order is inconsistent with and unauthorized by ORS 13.260(2) and other provisions of the class action statutes because it requires the payment of damages to class members prior to the filing of statements of claims and the entry of judgment.[2]

"3. The form of statement shall include a check or draft as defined in ORS 73.1040 payable to the class member in an amount equal to the damage to which the payee is entitled, less the sum of tweny [sic] per centum (20%). The foregoing amounts shall be computed by the defendant. The retained twenty per centum of the total damages shall be held by defendants to apply upon the payment of plaintiff's attorney fee, the total amount of which fee shall be hereafter fixed by the court.

"4. The check or draft shall provide upon its face that the check or draft shall be void if not presented for payment within ninety (90) days after its date of issuance. That date of issue shall be the date of mailing."

The plaintiff-relator also submitted a proposed order to the trial court. The order signed and the order submitted are almost identical except for the payment by check in the court's order. Both the court's order and the proposed order contained findings that class members are unlikely to know the amount of their damages, or to have data from which those damages can be calculated; that class members are unlikely to have had accounting or legal help in keeping records of transactions with Benj. Franklin, but most likely relied upon Benj. Franklin's records; and that Benj. Franklin does have the necessary information for calculation of damages for each class member. Identical provisions are made for treatment of illegible or incompleted requests for exclusion from the class; for statements on behalf of disabled or deceased class members; and regarding the time limit for filing of statements.

[2] As mentioned, the parties below essentially disagreed on one issue: whether the statement of claim under ORS 13.260(2) may be in the form of a check or draft. Defendant trial judge argues, in a memorandum to this court, that ORS 13.260(2) refers to "judgments," not "decrees," and that ORS 13.260(2) therefore pertains to class actions at law and not to the present case, which is a class suit in equity. We disagree with defendant. Under ORS 13.210 a "class action" means "an action, suit, or proceeding." Because the class action statutes only provide for judgments and not decrees, we conclude that the term "judgment" necessarily includes decrees. In this suit, brought as a class action, the parties must obtain statements of claim under ORS 13.260(2) and proceed to judgment under ORS 13.380. *See Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 577 P2d 477 (1978).

■   Whether the court acted properly involves our consideration of ORS 13.260 and ORS 13.380. ORS 13.260 provides, in pertinent part:

"* * * * *.

"(2) Prior to the final entry of a judgment against a defendant the court shall request members of the class to submit a statement in a form prescribed by the court requesting affirmative relief which may also, where appropriate, require information regarding the nature of the loss, injury, claim, transactional relationship, or damage. The statement shall be designed to meet the ends of justice. In determining the form of the statement, the court shall consider the nature of the acts of the defendant, the amount of knowledge a class member would have about the extent of his damages, the nature of the class, including the probable degree of sophistication of its members and the availability of relevant information from sources other than the individual class members. The amount of damages assessed against the defendant shall not exceed the total amount of damages determined to be allowable by the court for each individual class member, assessable court costs, and an award of attorney fees, if any, as determined by the court.

"(3) Failure of a class member to file a statement required by the court will be grounds for the entry of judgment dismissing his claim without prejudice to his right to maintain an individual, but not a class, action for such claim.

"* * * * * *."

ORS 13.380 provides:

"The judgment in an action maintained as a class action under paragraph (a) or (b) of subsection (2) of ORS 13.220, whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action under paragraph (c) of subsection (2) of ORS 13.220, whether or not favorable to the class, shall include and specify by name those to whom the notice provided in ORS 13.260 was directed, and whom the court finds to be members of the class, and the judgment shall state the amount to be recovered by each member."

[697]

Defendant's order contemplates a procedure whereby claim statements are in the form of checks, the cashing of a check constitutes the filing of a claim, and, after ninety days, a final judgment can be prepared by simply listing those class members who cashed their checks.

Although ORS 13.260(2) allows the circuit court considerable discretion to design the claim statement, it does not authorize the court to order the payment of damages prior to the filing of claim statements and prior to the entry of judgment.

ORS 13.260(2) provides that the filing of claim statements must precede the final entry of judgment, and that the court will determine damages for each individual class member. Then ORS 13.380 provides that the judgment shall specify the class members and the amount "to be recovered" by each member, thus implying that the recovery of damages will *follow* the entry of judgment and not precede it.

■ The policy of ORS 13.260(2) is to require class members to affirmatively request relief or "opt-in" to the class for the purpose of final judgment and the recovery of damages. *See Bernard v. First Nat'l Bank*, 275 Or 145, 168, 550 P2d 1203 (1976). The claims filed by the class members are, however, not conclusive and the opposing party may contest the claims. *Id.* at 169. Similarly, the computations of plaintiff-relator as to the damages in this case are not conclusive and class members may contest these computations. In brief, the class action statutes present a scheme whereby class members file their claims, both parties are free to contest the claims, the court then determines the actual damages for each class member, and finally the court enters judgment assessing the total amount of damages and attorney fees, if any. The statutes do not permit the court to order a defendant to pay damages prior to the receipt and evaluation of claim statements and the entry of judgment.

Accordingly, we conclude that defendant's order, requiring that claim statements be in the form of checks payable to class members, is unauthorized by ORS 13.260(2) and must be set aside.[3]

A peremptory writ shall issue directing the defendant to set aside the previous order of June 29, 1979, and to enter another order in accordance with this opinion.

---

[3] Our decision should not be construed as preventing the defendant trial judge from entering an order and preparing a form of claim statement in substantially the form agreed upon by the parties, with the claim statement including, for example, the following:

1. The amount of damages due the class member as determined by plaintiff-relator's records. If the class member believes that he or she is entitled to more or less than the amount shown on the statement, the member should state that fact and the reason or reasons therefor.

2. A statement that the member's signature on the claim and its return to Benj. Franklin will constitute the filing of a claim.

3. A statement that the amount stated is subject to final approval by the court.

4. A statement that a portion of each claimant's damages will be paid to plaintiff's attorneys as attorney fees.

5. A statement that after the court has entered a judgment, the amount determined by the court will be sent to the member.